IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RICHARD CARTER and JERRY GOODWIN, principals of R&J FEED CO., a Utah partnership, and LEHI ROLLER MILLS CO., INC., a Utah corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HIGH COUNTRY MERCANTILE INC., a Wyoming corporation; MATT HOOBLER and JIM MILLER, individuals; and DOES I-XV,<br><br>Defendants. | Case No. 08-0835-CV-ODS |

## PLAINTIFFS' BRIEF REGARDING DEPOSITIONS OF GOVERNMENT EMPLOYEES

As authorized and directed by the Court's July 1, 2009 "Order" (Dkt. 36), plaintiffs Richard Carter and Jerry Goodwin, principals of R&J Feed Co., and Lehi Roller Mills Co., Inc. (collectively, "Plaintiffs") respectfully offer the following brief in support of subpoenas *ad testificandum* commanding certain federal employees to appear for deposition and give testimony in the above-captioned action ("Action").

# TABLE OF CONTENTS

|      |     |                                                                                                                                                                    | Page |
|------|-----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
| I.   |     | INTRODUCTION                                                                                                                                                       | 1    |
| II.  |     | BACKGROUND                                                                                                                                                         | 1    |
| III. |     | ARGUMENT                                                                                                                                                           | 3    |
|      | A.  | The Statute that Authorizes USDA to Adopt *Touhy* Regulations Does Not Permit Agencies to Shield their Employees from Testifying                                   | 3    |
|      | B.  | USDA Has Not Stated a Valid Objection to Plaintiffs' Subpoenas under the Governing Rule of Civil Procedure                                                         | 4    |
|      | C.  | The *Marcoux* Case Cited by the Government Goes Only to the Form of Relief to which Plaintiffs are Entitled, Not the Validity of the Government's Objection       | 6    |
| IV.  |     | CONCLUSION                                                                                                                                                         | 8    |

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Chrysler Corp. v. Brown*,
    441 U.S. 281, 99 S. Ct. 1705 ............................................................................... 4

*Exxon Shipping Co. v. United States Department of Interior*,
    34 F.3d 774 (9th Cir. 1994) ................................................................................ 4

*In re Bankers Trust Co.*,
    61 F.3d 465 (6th Cir. 1995) ............................................................................ 5, 6

*Marcoux v. Mid-States Livestock*,
    66 F.R.D. 573 (W.D. Mo. 1975) ..................................................................... 4, 6

*United States ex rel. O'Keefe v. McDonnell Douglas Corp.*,
    132 F.3d 1252 (8th Cir. 1998) ......................................................................... 3, 4

*United States ex rel. Touhy v. Ragen*,
    340 U.S. 462, 71 S. Ct. 416 (1951) .................................................................... 1

*United States v. Soriano-Jarquin*,
    492 F.3d 495 (4th Cir. 2007) .............................................................................. 3

*Watts v. S.E.C.*,
    482 F.3d 501 (D.C. Cir. 2007) ........................................................................... 4

**STATUTES / RULES**

5 U.S.C. § 301 ............................................................................................................ 3, 4

7 C.F.R. §1.214 ................................................................................................... 1, 5, 6, 7

Federal Rules of Civil Procedure 45 ............................................................................. 5

Local Rule 37.1 .......................................................................................................... 1, 6

**OTHER AUTHORITIES**

9 MOORE'S FEDERAL PRACTICE § 45.05 (3d ed. 2006) ................................................. 5

## I. INTRODUCTION

Plaintiffs have subpoenaed Robert Walsh and Carol Verser, employees of the Farm Service Agency ("FSA") of the United States Department of Agriculture ("USDA"), to appear for deposition in this Action. USDA's Office of the General Counsel asserts that Walsh and Verser need not testify unless and until Plaintiffs demonstrate that their giving of testimony would comport with 7 C.F.R. §1.214, one of USDA's so-called *"Touhy"* regulations (after *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 71 S. Ct. 416 (1951)). Following a Local Rule 37.1(a)(2) teleconference held on June 30, 2009, the Court entered its "Order" of July 1, 2009, directing Plaintiffs and the Government each to file a single brief "addressing Plaintiff's attempt to depose employees of the Government and the Government's opposition to those efforts." Hence this brief, submitted in Plaintiffs' behalf.

## II. BACKGROUND

Walsh and Verser are employed by FSA at its Kansas City, Missouri offices. When Plaintiffs deposed defendant High Country Mercantile Inc. ("High Country"), its designee testified to *extensive* contacts with both Walsh and Verser, relating to the specific FSA program in connection with which Plaintiffs' claims arise, and indeed the very transactions at issue in Plaintiffs' claims against High Country. High Country's designee even testified that Walsh himself, assisted by Verser, may be ultimately responsible for Plaintiffs' injuries. Because High Country's recollection and documentation of contacts with Walsh and Verser is incomplete,[1] and to address (and assess) High Country's blame-shifting theory, Plaintiffs need to depose the FSA witnesses specifically singled out by High Country's testimony.

---

[1] The High Country employee who dealt with Walsh during the relevant time period, for example, has since left the company; and High Country's documents from that period were

1

Walsh has been personally served and Verser has accepted service by mail of subpoenas *ad testificandum* issued by this Court, commanding their appearance for deposition in the above-captioned action.² John Vos of USDA's Office of the General Counsel has indicated that Walsh and Verser will not testify in response to the Subpoenas because Mr. Vos does "not believe that [Plaintiffs] have made a showing that [Walsh and Verser's] testimony is in the interests of USDA." (Ex. 5.)

USDA claims it is authorized to prevent Walsh and Verser from testifying by one of its *Touhy* regulations, 7 C.F.R. § 1.214, which provides in part:

> (b)(1) An employee of USDA served with a valid ... subpoena ... to appear as a witness on behalf of a party other than the United States in a judicial ... proceeding in which the United States is not a party, may appear only if such appearance has been authorized by the head of his or her USDA agency, with the concurrence of the General Counsel, based upon a determination that such an appearance is in the interest of USDA.
>
> (e)(1) In determining whether the employee's appearance is in the interest of USDA, authorizing officials should consider the following:
>     (i) what interest of USDA would be promoted by the employee's testimony;
>     (ii) whether an appearance would result in an unnecessary interference with the duties of the USDA employee;
>     (iii) whether an employee's testimony would result in the appearance of improperly favoring one litigant over another.
> (2) The considerations listed in paragraph (e)(1) of this section are illustrative and not exhaustive.

---

apparently destroyed during the same week that High Country was served with its summons in this Action.

² Plaintiffs' subpoenas to Walsh and Verser (collectively, "Subpoenas") are reproduced as Exhibits 1 and 2 to the Declaration of L. Rex Sears attached as Exhibit A hereto ("Sears Declaration"), and Verser's acceptance of service is reproduced as Exhibit 6 thereto (return of service on Walsh is noted in his Subpoena). Subsequent "Exhibit" or "Ex." references are to the numbered exhibits attached to the Sears Declaration.

Subsection (c) of that regulation further provides: "Unless an appearance is authorized as provided in ... this section, the employee shall appear at the stated time and place ... produce a copy of these regulations and respectfully decline to provide any testimony." To avoid wasting resources *en route* to resolution of the dispute over compliance with Plaintiffs' Subpoenas, Plaintiffs and the Government have agreed to proceed before this Court as if Walsh and Verser had appeared, "produce[d] a copy of these regulations and respectfully decline[d] to provide any testimony." (*See* Ex. 5.)

### III. ARGUMENT

USDA has offered no justification whatsoever for blocking the depositions of Walsh and Verser other than Plaintiffs' ostensible failure to "ma[k]e a showing that this testimony is in the interests of USDA." (Ex. 5; *see also* Ex. 8.) As shown below, such a narrow, self-interested limitation unilaterally imposed by USDA is not a valid ground for resisting discovery regarding the activities and communications of its employees; and to whatever extent the regulation at issue provides otherwise, it was beyond USDA's authority to promulgate it.

### A. The Statute that Authorizes USDA to Adopt *Touhy* Regulations Does Not Permit Agencies to Shield their Employees from Testifying

"Pursuant to 5 U.S.C. § 301, federal agencies may promulgate so-called *Touhy* regulations to govern the conditions and procedures by which their employees may testify about work-related issues at trial." *United States v. Soriano-Jarquin,* 492 F.3d 495, 504 (4th Cir. 2007). "Section 301, better known as the 'Housekeeping Statute,' was passed in 1789 'to help General Washington get his administration underway by spelling out the authority for executive officials to set up offices and file government documents.'" *United States ex rel. O'Keefe v. McDonnell Douglas Corp.,* 132 F.3d 1252, 1254 (8th Cir. 1998) (citation omitted).

3

As its popular name implies, section 301 "is indeed a 'housekeeping statute,' authorizing ... 'rules of agency organization, procedure or practice' as opposed to 'substantive rules.'" *Chrysler Corp. v. Brown,* 441 U.S. 281, 310, 99 S. Ct. 1705. Manifestly, "the Housekeeping Statute ... *does not* provide statutory authority for substantive regulations." *McDonnell Douglas,* 132 F.3d at 1255 (emphasis in original).

Because it is "simply a grant of authority to the agency to regulate its *own* affairs," *Chrysler,* 441 U.S. at 309 (emphasis added), "Section 301 does not create an independent privilege to ... shield federal employees from valid subpoenas," *Exxon Shipping Co. v. United States Dept. of Interior,* 34 F.3d 774, 780 (9th Cir. 1994). "[A]ttempts to construe it as something more [is] 'misuse' which 'twist[s]' the statute." *McDonnell Douglas,* 132 F.3d at 1255 (citing *Chrysler*). To foreclose such misuse, the following sentence was added to the statute in 1958: "This section does not authorize withholding information from the public or limiting the availability of records to the public." *Id.*; *see also Exxon,* 34 F.3d at 777 ("the 1958 amendment explicitly sought to eliminate any perception that the section created an executive privilege"); *Marcoux v. Mid-States Livestock,* 66 F.R.D. 573, 576 (W.D. Mo. 1975) ("By this amendment, Congress sought to correct an evolving situation whereby the statute had '... been twisted from its original purpose as a 'housekeeping' statute into a claim of authority to keep information from the public ...'" [citation omitted]).

**B.     USDA Has Not Stated a Valid Objection to Plaintiffs' Subpoenas under the Governing Rule of Civil Procedure**

"An agency's *Touhy* regulations are relevant for internal housekeeping and determining who within the agency must decide how to respond to a federal court subpoena." *Watts v. S.E.C.,* 482 F.3d 501, 508-09 (D.C. Cir. 2007). However, "the legal basis for any opposition must derive from an independent source of law." *Id.* at 509 (quoting 9 MOORE'S FEDERAL

4

PRACTICE § 45.05[1][b] [3d ed. 2006]). It is "Rule 45" of the Federal Rules of Civil Procedure, rather than any *Touhy* regulation, which "supplies the standards under which the district courts assess agency objections to a subpoena." *Id.* at 508.

The only justification given by USDA for not permitting Walsh and Verser to testify is that Plaintiffs allegedly have not "made a showing that this testimony is in the interests of USDA." (Ex. 5.) Under Rule 45, however, that is not a valid objection to Plaintiffs' Subpoenas. *See* Fed. R. Civ. P. 45(c).

> USDA's *Touhy* regulation provides, in part:
>
> An employee of USDA served with a valid ... subpoena ... to appear as a witness on behalf of a party other than the United States in a judicial ... proceeding in which the United States is not a party, may appear only if such appearance has been authorized ... based upon a determination that such an appearance is in the interest of USDA.

7 C.F.R. § 1.214(b)(1). Although the regulation seems to support USDA's contention that it can refuse to authorize Walsh and Verser to testify unless "such an appearance is in the interest of USDA," as noted above, that is *not* a valid objection to Plaintiffs' Subpoenas under the governing Federal Rule of Civil Procedure. To the extent the USDA's regulation purports to create a privilege not recognized by Rule 45, and "requires a party that is served with a subpoena ... to continually decline to disclose information or testimony," it "exceeds the congressional delegation of authority" in the Housekeeping Statute "and cannot be recognized by this court." *In re Bankers Trust Co.*, 61 F.3d 465, 470 (6th Cir. 1995) (striking down a comparable Federal Reserve *Touhy* regulation).

5

### C. The *Marcoux* Case Cited by the Government Goes Only to the Form of Relief to which Plaintiffs are Entitled, Not the Validity of the Government's Objection

During the Local Rule 37.1(a)(2) conference that resulted in the Order pursuant to which this brief is filed, an attorney for the Government referenced *Marcoux v. Mid-States Livestock*, 66 F.R.D. 573 (W.D. Mo. 1975), in support of USDA's position. To date, the Government has cited no other authorities.

*Marcoux* dealt with *Touhy* regulations adopted by the Comptroller of the Currency. The *Marcoux* court characterized the question before it as follows:

> [T]he case at bar *does not* present the question whether the Comptroller of the Currency has presented sufficient reasons to justify and support a refusal to produce requested information upon the basis of a formal and proper claim of privilege. Rather, the sole issue to be determined by this Court is whether the Comptroller of the Currency possess the power to promulgate departmental regulations, thereby reserving to himself the authority to determine when department documents, records and information may be disclosed to the public.

*Marcoux*, 66 F.R.D. at 578-79 (emphasis in original). On that "narrow issue," *Marcoux* held in the affirmative (i.e., that the Comptroller had such authority), and therefore concluded:

> these regulations have the force and effect of law, thereby preventing this Court from punishing a subordinate official for conforming to that law, or commanding disobedience by a subordinate official thereto.

*Id.* at 579.

*Marcoux* is inapposite here, however, because to the extent USDA's *Touhy* regulation requires Walsh and Verser "to continually decline to disclose information or testimony," *Bankers Trust*, 61 F.3d at 470, unless and until it is determined that their testimony "is in the interest of USDA," 7 C.F.R. § 1.214(b)(1), that regulation is just like the one struck down by *Bankers Trust*; it *does not* "have the force and effect of law" and indeed "cannot be recognized by this court," *Bankers Trust*, 61 F.3d at 470. But even if *Marcoux* did apply, its teaching for the

6

present case would only be that instead of an order directing Walsh and Verser to testify, the Court should issue an order (1) overruling the objection by FSA and USDA's Office of the General Counsel, and (2) directing FSA and USDA's Office of the General Counsel to authorize Walsh and Verser to testify. *See* 7 C.F.R. § 1.214(b)(1) ("An employee of USDA ... may appear only if such appearance has been authorized by the head of his or her USDA agency, with the concurrence of the General Counsel").[3]

[Balance of page intentionally left blank.]

---

[3] The *Marcoux* court concluded that it lacked jurisdiction to compel the production of documents held by the Comptroller in Washington, D.C. But in the present case, Walsh and Verser are within the Western District of Missouri, as are Mr. Vos of USDA's Office of the General Counsel (through whom USDA and FSA have appeared in this Court to defend their position) and the Missouri State Office of FSA (in Columbia, Missouri). Plaintiffs' Subpoenas were issued by this Court, to residents of this District, and commanded appearance within this District. If this Court did not have jurisdiction to overrule the objections of FSA and USDA's Office of the General Counsel to the giving of testimony as commanded by those Subpoenas, no court would.

## IV. CONCLUSION

For all of the foregoing reasons, USDA's objection to Plaintiffs' Subpoenas should be overruled and Walsh and Verser shall appear for deposition and testify forthwith.

Dated: July 17, 2009

Respectfully submitted,

WORKMAN | NYDEGGER

By    /s/L. Rex Sears
     Sterling A. Brennan (Admitted *Pro Hac Vice*)
     L. Rex Sears (Admitted *Pro Hac Vice*)
     WORKMAN | NYDEGGER
     60 East South Temple
     1000 Eagle Gate Tower
     Salt Lake City, Utah 84111
     (801) 533-9800
     (801) 328-1707 (fax)
     sbrennan@wnlaw.com
     rsears@wnlaw.com

     Todd W. Ruskamp (MO # 38625)
     Christopher J. Aikin (MO # 53868)
     SHOOK, HARDY & BACON L.L.P.
     2555 Grand Boulevard
     Kansas City, Missouri 64108
     (816) 474-6550
     (816) 421-5547 (fax)
     truskamp@shb.com
     caikin@shb.com

     Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2009, I electronically filed the foregoing Plaintiffs' Brief Regarding Depositions of Government Employees with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all attorneys of record registered with the Court via electronic mail.

/s/ L. Rex Sears
Attorney for Plaintiffs

9

Case 4:08-cv-00835-ODS   Document 37   Filed 07/17/09   Page 12 of 12